```
          IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
             DIVISION OF ST. THOMAS AND ST. JOHN
```

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
v.                              )    MAG. NO. 2011-56
                                )
WELCOME JEFFREY KING,           )
                                )
            Defendant.          )
                                )
_____)

ORDER

On September 26, 2011, the Court held a preliminary and a detention hearing pursuant Fed. R. Crim. P. 5.1 and 18 U.S.C. § 3142(f), respectively. The defendant is charged with violating 46 U.S.C. § 70503(a)((1).

Generally, a defendant facing charges in a criminal matter is to be released pending trial on the least restrictive condition or combination of conditions that will "reasonably assure the appearance of the person" at future proceedings, and so that the person's release will not "endanger the safety of any other person or the community."[1]  Under certain circumstances, however, upon motion a defendant may be detained pending further proceedings.[2]

Because of the nature of the charges pending against the defendant here, in connection with its motion the Government

---

[1] 18 U.S.C. §3142 (a)(1) and (2), (b), (c).

[2] See 18 U.S.C. § 3142 (e).

*United States v. King*
Mag. No. 2011-56
Page 2 of 8

invokes a rebuttable presumption that there is no condition or combination of conditions that will reasonably assure the safety of the community.[3]  Under section 3142(e)(3)(A), if a judicial officer finds that there is probable cause to believe that a defendant has committed an offense in violation of chapter 705 of Title 46 for which a maximum term of imprisonment is ten years or more, the presumption supporting detention arises.[4]

In *United States v. Strong*,[5] the Third Circuit stated that Congress "intended to equate traffic in drugs with a danger to the community," and that "[i]n each of the three situations in which a bail determination may arise, Congress specified that a defendant should not be released who will endanger the safety of the community."[6]  Further, the presumption shifts the burden of production to the defendant,[7] who must produce "some credible evidence" that he is not a danger to the community.[8]  To the

---

[3] 18 U.S.C. § 3142(e)(3)(A).

[4] 18 U.S.C. § 3142(e)(3)(A).

[5] 775 F.2d 504, 506 (3d Cir. 1985).

[6] *Id.* (citing 18 U.S.C. § 3142(b); 18 U.S.C. § 3143(a) and 18 U.S.C. § 3143(b)).

[7] *Id.* at 115.

[8] *United States v. Serrano*, 1990 U.S. Dist. LEXIS 7049, at *4 (E.D. Pa. June 11, 1990) (citing *United States v. Carbone,* 793 F.2d 559, 560 (3d Cir. 1986)). *See also United States v. Perry,* 788 F.2d 100, 115 (3d Cir. 1986) (discussing the

*United States v. King*
Mag. No. 2011-56
Page 3 of 8

extent the defendant presents such evidence, the Government still has the burden of persuasion by clear and convincing evidence that the defendant is a danger to community.[9]

Additionally, the Government also seeks detention on the basis that defendant presents a risk of flight. The presumption does not apply to the risk of flight consideration, however, and the Government has to establish by a preponderance of the evidence that defendant presents an unreasonable risk of flight.[10]

### The Government's Evidence

Mark Joseph, Detective, Virgin Islands Police Department and deputized federal agent, United States Drug Enforcement Administration ("DEA"), testified to the following:

On September 16, 2011, the United States Coast Guard cutter "Diligence" was conducting surveillance in international waters 50 nautical miles northwest of St. Lucia, West Indies. The Diligence observed a vessel that was neither flying a flag nor displaying visible identification. The Coast Guard attempted to

---

constitutionality of placing on defendant "the burden of going forward to prove that he will not in the future do that with which he is presently charged").

[9] *Perry*, 788 F.2d at 115.

[10] *United States v. Himler*, 797 F.2d 156, 161 (3d Cir. 1986).

*United States v. King*
Mag. No. 2011-56
Page 4 of 8

communicate with the vessel through several marine radio channels, but did not receive a response from the vessel. The Coast Guard then attempted verbal communication with the vessel, and a person appeared and spoke with the Coast Guard. Defendant first advised the Coast Guard that the vessel was a Grenadian registered vessel, but the Grenadian authorities told the Coast Guard that it was not. He then advised that the vessel was registered in St. Vincent and the Grenadines. St. Vincent authorities advised that the vessel was not lawfully registered in St. Vincent, but gave the Coast Guard permission to board the vessel based upon a bilateral agreement in effect between it and the United States.

Coast Guard officers boarded the vessel. Defendant identified himself as Welcome King, a Grenadian national, and captain of the vessel. Four other persons were also on board. Coast Guard officers conducted a search of the vessel, and found three cardboard boxes, containing 54 bricks of what appeared to be cocaine, and six 55 gallon drums of fuel. The boxes were visible and located in the aft steering compartment of the vessel. Defendant advised the Coast Guard officers that the three cardboard boxes contained "54 keys of cocaine."

The defendants were detained and initially transported to Grenada, then to St. Thomas, Virgin Islands aboard the Coast

*United States v. King*
Mag. No. 2011-56
Page 5 of 8

Guard cutter. Coast Guard officers motored the vessel, the "Dorothy-K," to St. Thomas, where it and the Diligence arrived together at the Coast Guard dock on September 20, 2011.

United States Customs and Border Protection ("CBP") officers, United States Immigration and Customs Enforcement ("ICE") agents, and DEA agents, including Detective Joseph, met the vessels at the Coast Guard dock. The defendants were taken to the CBP facility at the Cyril E. King Airport where they were read their *Miranda* rights and processed. Defendant gave a statement. He advised that he knew the 54 bricks were cocaine, and that he was responsible for it. He also advised that he was transporting the cocaine to Tortola, British Virgin Islands, for an individual, and that he would have purchased food and drink in Tortola to take back to Grenada to be sold.

The substance contained in the bricks was tested twice, at the Coast Guard dock, where it field tested positive as cocaine, and at the CBP facility, where it also tested positive as cocaine. Its has a gross weight of 57 kilograms.

### **The Defendant's Evidence**

The defendant did not present any evidence, but advised that if the Court were inclined to detain the defendant, that the defendant be detained without prejudice to so that defendant may

be able to present a possible third party custodian, Norman King-Salmon, to the Court.

### Preliminary Hearing

The Court finds that the Government has presented sufficient evidence to support a finding that probable cause exists to believe that the defendant committed the offense charged.[11]

### Detention

The presumption of dangerousness under 18 U.S.C. § 3142(e)(3)(A) has been invoked. 21 U.S.C. § 960 (b)(1)(B) provides for a term of imprisonment of not less than ten years if a defendant is charged and convicted under Title 46, United States Code, chapter 705 with possessing, manufacturing or distributing five kilograms or more of cocaine. The evidence presented establishes that the defendant was transporting 57 kilograms of cocaine, and the Court has found probable cause to support that charge. As the presumption has been properly invoked, the defendant's evidence must rebut the presumption that, if released, he would be a danger to the community. Defendant did not present any evidence.

On the evidence presented and the information contained in the Pretrial Services Report, the Court finds by a preponderance of the evidence that the defendant presents an unreasonable risk of flight. He has no ties to the community, no employment here,

---

[11] Although challenged at the hearing, pursuant to 46 U.S.C. § 70504(a), any issue regarding the Court's jurisdiction over this action is to be decided by the trial judge.

*United States v. King*
Mag. No. 2011-56
Page 7 of 8

and he is a foreign national. Further, the Court finds that the defendant did not rebut the presumption that there is no condition or combination of conditions that would reasonably assure the safety of the community if he were to be released.

Accordingly, it is hereby

**ORDERED** that the Government's motion is GRANTED and defendant will be detained pending disposition of these charges; and it is further

**ORDERED** that defendant will be committed to the custody of the United States Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and it is further

**ORDERED** that on order of the Court or on request of the United States Attorney, the Warden of the Bureau of Corrections or the warden of any other facility where the defendant is detained will deliver the defendant to the United States Marshals Service for the purpose of appearance in connection with these court proceedings; and it is further

*United States v. King*
Mag. No. 2011-56
Page 8 of 8

    **ORDERED** that the defendant will be allowed reasonable opportunity for private consultation with his counsel.

                    S\_____
                      **RUTH MILLER**
                      United States Magistrate Judge